GOCHA GIORGOBIANI, et al.,

     Plaintiffs,

v.

FIELD OFFICE DIRECTOR, ICE MIAMI FIELD OFFICE, et al.,

     Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Petitioners Gocha Giorgobiani, and Ildiko Gyore's ("Petitioners") Expedited Motion for Order to Show Cause and for Temporary Restraining Order or Preliminary Injunction ("Petitioners' Motion"). *See* ECF No. [6]. On June 21, 2019, the Court issued an Order to Show Cause directing the Respondents Field Office Director of the U.S. Immigration and Customs Enforcement and William P. Barr (collectively "Respondents" or the "Government") to respond to the Petitioners' Motion, which sought injunctive relief against the Petitioners' detention and pending deportation on June 26, 2019. ECF No. [7]. On June 25, 2019, the Respondents responded by filing their Response to Order to Show Cause with incorporated Motion to Dismiss Petition for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"), ECF No. [8]. The Court has reviewed both the Petitioners' Motion and the Motion to Dismiss, the record and applicable law, and is otherwise fully advised.

## I.  BACKGROUND

In Petitioners' Motion, Petitioners request that the Court issue a preliminary injunction staying the Petitioners' removal, which was ordered by a United States Immigration Judge on

October 27, 2016. ECF No. [6], at 3. Petitioners assert that they exhausted all appellate rights before the Board of Immigration Appeals ("BIA") and before the Eleventh Circuit to no avail. *Id.* at 3-4. On December 31, 2018, the Petitioners filed a motion to reopen (the "Motion to Reopen") their removal proceedings with BIA, incorporating an application for a stay of removal. *Id.* at 4. On February 21, 2019, a document from the U.S. Immigration and Customs Enforcement was faxed indicating that a Plan of Action for Removal had been initiated requiring the Petitioners to depart the United States no later than June 30, 2019. *Id.* On May 10, 2019, the Petitioners filed an application for an administrative stay of removal with I.C.E. under 8 U.S.C. §1231(c)(2). *Id.* On June 19, 2019, the Petitioners reported to the Respondents in Miramar, Florida, and were instructed that they must return for a final report date on June 26, 2019, ready to depart the United States within 24 hours. *Id.* To date, Petitioners allege that BIA has not acted on their Motion to Reopen, nor on their application for a stay of removal. Thus, on June 20, 2019, the Petitioners filed the instant action before this Court seeking injunctive relief temporarily staying their removal from the United States and ultimately for the Court to grant the Petitioners a writ of habeas corpus staying their removal until BIA makes a final determination on their Motion to Reopen. *See generally*, ECF No. [6]. The Government has now moved to dismiss the instant action arguing that the Court lacks subject matter to proceed, and thus cannot grant the Petitioners' the relief sought. *See generally*, ECF No. [8].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, deriving their authority from both constitutional and legislative sources. *See* U.S. Const. Art. III; 28 U.S.C. § 1331; *Keene Corp. v. United States*, 508 U.S. 200, 207-08, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). It is exclusively the power of Congress to restrict the jurisdiction of federal courts to adjudicate certain kinds of

cases. *See Keene Corp.*, 508 U.S. at 207, 113 S.Ct. 2035. With respect to immigration cases, challenges to removal orders or deportation are reviewable only by the appropriate court of appeals, not by a federal district court. *See REAL ID Act*. Pub. L. No. 109-13, 119 Stat. 302 (May 11, 2005); 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act.]").

## III.    DISCUSSION

In Petitioners' Motion, Petitioners argue that this Court has jurisdiction through the protections of the Suspension Clause. *Id.* at 8. In support of this contention, Petitioners cite *Ibrahim v. Acosta*, 2018 WL 582520 (S.D. Fla. Jan 26, 2018). *Id.* In *Ibrahim v. Acosta*, a court within this district granted the petitioners' motion for a temporary restraining order, and stayed their pending removal from the United States, holding that "the jurisdictional bar in 8 U.S.C. § 1252(g) would preclude Petitioners from raising their new legal claims in a manner which comports with the law, in violation of the Suspension Clause." *Ibrahim v. Acosta*, 2018 WL 582520, *6 (S.D. Fla. Jan 26, 2018). The facts of *Ibrahim*, however, are inapposite to the instant action.

In *Ibrahim*, the Government through its own alleged misconduct unsuccessfully attempted to deport the petitioners, which was alleged to have subjected the deportees to inhuman conditions and an escalation of violence in their home country. *Id.* at *3-*4. However, the *Ibrahim c*ourt's finding of "limited jurisdiction" made clear that it was premised on the based on the "extraordinary circumstances of [that] case." *Id.* Moreover, the Petitioners' case does not present any of the

"extraordinary circumstances" that compelled the *Ibrahim* court to find "limited jurisdiction" under the Suspension Clause. Thus, to the extent the Petitioners argue that *Ibrahim* supports the relief sought in their Motion, the Court rejects such argument.

Here, the Court agrees with the Government that it is without jurisdiction to proceed. Even the Petitioners concede that the plain language of 8 U.S.C. § 1252(g) is "unambiguous" and "appears to eliminate even habeas jurisdiction." ECF No. [6], at 8. Further, several provisions of the Immigration and Nationality Act have stripped the United States District Courts of jurisdiction. *See* § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with ***the appropriate court of appeals*** in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).")(*emphasis added*); *see also* § 1252(b)(2) ("The petition for review shall be filed ***with the court of appeals*** for the judicial circuit in which the immigration judge completed the proceedings.") (*emphasis added*). Thus, the Court agrees with the Government that it lacks subject matter jurisdiction of this action, and that dismissal is warranted.

Moreover, even assuming *arguendo* that this Court had subject matter jurisdiction, the Court may only issue a preliminary injunction if the Petitioners could demonstrate:

> (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to

Petitioner outweighs whatever damage the proposed injunction may cause the Government; and (4) if issued, the injunction would not be adverse to the public interest.

*See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). A preliminary injunction is, however, "an extraordinary and drastic remedy not to be granted unless the [Petitioner] 'clearly carries the burden of persuasion' as to the four prerequisites." *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985).

Despite the Court's lack of jurisdiction, the Petitioners have also failed to meet their burden on the preliminary injunction issue. Petitioners fail to show a substantial likelihood of success on the merits. In their Motion, Petitioners argue that they cannot "effectively prosecute their case if they are removed" from the United States prior to the resolution of their Motion to Reopen. ECF No. [6], at 11. However, the Petitioners have failed to demonstrate that they have a legal right to remain in the United States while the Motion to Reopen is still pending. Further, "Congress possesses plenary power over immigration and ***aliens have no constitutional right to enter or remain in the United States***, [and] an entitlement to an immigration benefit must be conferred by statute." *Ibarra v. Swacina*, 2009 WL 4506544, at *5 (S.D. Fla. Dec. 3, 2009), aff'd, 628 F.3d 1269 (11th Cir. 2010) (citing U.S Const. Art. I, § 8, cl. 4 (providing that "Congress shall have the Power ... To establish a uniform Rule of Naturalization") (*emphasis added*). Therefore, the Petitioners fail to demonstrate a likelihood of success on the merits, let alone a substantial likelihood as is required for the a preliminary injunction to be granted.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Respondents' Motion to Dismiss, **ECF No. [8]**, is **GRANTED**;

2.    The above-styled case is **DISMISSED**;

3. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**;

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 25, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record